UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DeKALB REAL ESTATE ASSOCIATES, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ALLSTATE CORPORATION and )<br>STERLING COLLISION CENTER, INC., )<br>)<br>Defendants. ) | Case No. 2:03-cv-6771<br>U.S. District Court for the<br>Eastern District of Pennsylvania<br><br>04MBD 10196 |

MOTION OF DENNIS McMULLEN TO QUASH OR MODIFY SUBPOENA
Fed.R.Civ.P. 45

**Background**

This case is pending in the United States District Court for the Eastern District of Pennsylvania. Plaintiff has served a deposition subpoena duces tecum on Dennis McMullen, a resident of Massachusetts, seeking to depose him on July 14, 2004. A copy of the subpoena is annexed as Exhibit A. Mr. McMullen moves, pursuant to Fed.R.Civ.P. 45, to quash or modify the subpoena for the reasons set forth below.

1.  Dennis McMullen is a former employee of Sterling Collision Center, Inc. ("Sterling").

2.  On December 29, 2003, Mr. McMullen filed a Complaint against Sterling in Middlesex Superior Court seeking damages for breach of contract. The essence of Mr. McMullen's claim was that he resigned from Sterling for "Good Reason" pursuant to his employment agreement since Sterling materially and adversely changed his duties and responsibilities.

3. Mr. McMullen proceeded diligently to obtain discovery from Sterling (and its parents or affiliated corporations, Allstate Non-Insurance Holdings, and Allstate Insurance Company). Thus, he served a First Request for Production of Documents on December 29, 2003 and subsequently granted a request from Sterling's counsel for an extension of time to respond until March 9th. Sterling then insisted that the parties enter into a confidentiality agreement before Sterling would produce documents, and sent Mr. McMullen's counsel a draft agreement. Counsel had to make two requests for an electronic version so that he could show his edits, and finally received one on April 6th. There then ensued more than two months of back and forth over the confidentiality agreement, with Sterling's counsel having to clear any change, no matter how slight, with in-house counsel. It was not until a few days ago that the confidentiality agreement was finalized. To date, Mr. McMullen has not received a single document from Sterling/Allstate, six months after his document request was served. Counsel for Mr. McMullen had also served a Rule 30(b)(6) Notice of Deposition to take place in March. That never occurred, due to the lack of document production.

4. Counsel for Mr. McMullen first became aware of the deposition subpoena on June 17, 2004. Counsel immediately reviewed the documents Mr. McMullen had assembled in response to the subpoena, and determined that some of them were likely protected by Sterling's attorney-client privilege. In an effort to protect the privilege, counsel immediately called Susie Lees, an in-house attorney for Allstate attorney with whom he had dealt with on other matters. Counsel left a

message about the documents and the privilege issue, but never received a return call from Ms. Lees.

5. On June 22nd, counsel for Mr. McMullen sent a letter to counsel for Sterling enclosing the subpoena so that Sterline/Allstate could take whatever action was necessary. A copy of this letter is annexed as Exhibit B.

6. Counsel for Mr. McMullen heard nothing and therefore sent an e-mail to counsel for Sterling on June 28th indicating his need to hear back from someone concerning the privileged documents. Counsel also noted that: "I am not available July 14 since I have another deposition scheduled for that day." A copy of this e-mail is annexed as Exhibit C. **Counsel for Mr. McMullen thus provided notice of his unavailability more than two weeks before the scheduled deposition.**

7. In response to the e-mail sent by counsel for Mr. McMullen, Sterling's counsel sent a response providing the name of counsel for Sterling and Allstate in the Pennsylvania litigation: Michael Volin of the Haddonfield, New Jersey firm Archer & Greiner. This e-mail also appears on Exhibit C.

8. Several days later, on July 3rd, counsel for Mr. McMullen contacted Michael Volin by e-mail and informed him of: (a) the privilege issues; (b) counsel's unavailability on July 14th; (c) counsel's difficulty in scheduling a deposition during the rest of July due to counsel's imminent vacation; (d) the need to schedule Mr. McMullen's deposition for the middle of August. A copy of this e-mail is annexed as Exhibit D.

9.  There was then a holiday weekend, followed by telephone conferences and e-mail exchanges between counsel for Mr. McMullen and counsel for both parties in the Pennsylvania case. Counsel discussed possible dates for Mr. McMullen's deposition.

10. When counsel in the Pennsylvania case learned that July 14th would not work for Mr. McMullen's counsel, they suggested July 13th. Unfortunately, Mr. McMullen is not available that date due to a previously arranged business meeting in Cincinnati, Ohio in connection with his new job.

11. Counsel for Mr. McMullen is not available on July 14th, 15th or 16th due to previously scheduled depositions in the case of *JoAnn Jorge, et al. v. Medelle Corporation, et al.*, Middlesex Superior Court C.A. No. 04-0201. This deposition, of the corporate defendant's C.E.O., was very difficult to schedule and cannot be changed.

12. Mr. McMullen is more than an ordinary fact witness in the Pennsylvania litigation. He has his own case pending against Sterling and there will definitely be overlap in the underlying facts. For example, a central issue in the Middlesex case is exactly what Mr. McMullen's duties and responsibilities consisted of in his work at Sterling, and whether they changed at some point. These questions will very likely be asked by counsel in the Pennsylvania case, and it is essential that counsel for Mr. McMullen have time to prepare him for the deposition (which is apparently going to be videotaped) and represent Mr. McMullen at the deposition.

13.  Counsel for Mr. McMullen understands that in-house counsel for Sterling will be present at the deposition. This underscores the overlap between the two cases and the potential for Sterling to use the Pennsylvania deposition as a premature deposition of Mr. McMullen in the Middlesex case. After forcing Mr. McMullen to wait over six months for documents in the Middlesex case, Mr. McMullen should not be forced, by either Sterling or the Plaintiff, into an early deposition which will establish facts crucial to his Middlesex claims.

14.  Counsel for Mr. McMullen cannot have any other attorney at his firm represent Mr. McMullen since counsel only recently joined Davis, Malm & D'Agostine (May 1, 2004) and began representing Mr. McMullen in the Fall of 2003 when counsel had his own small firm known as Rapaport & Rapaport. There is no other attorney at Davis, Malm & D'Agostine who has any familiarity with Mr. McMullen's case, or indeed even knows of its existence.

15.  Counsel for Mr. McMullen has been told that discovery in the Pennsylvania case closes at the end of July. Counsel does not know when the Pennsylvania case was filed, or why Mr. McMullen's deposition was not scheduled until two weeks before the end of discovery, but this is not a problem of his making.

16.  Counsel for Mr. McMullen, and Mr. McMullen, can appear for a deposition in Boston in August, and respectfully suggest that counsel in the Pennsylvania litigation seek leave to do this from the judge presiding over the case in Philadelphia.

WHEREFORE, Dennis McMullen respectfully requests that the Court quash or modify the subpoena requesting his deposition on July 14, 2004, and order that the deposition be continued to a mutually agreeable date in August, 2004.

*[signature]*
David Rapaport BBO# 411920
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Tel. 617 589-3801
Attorneys for Plaintiffs

Dated: July 12, 2004

**CERTIFICATE OF SERVICE**

I certify that the foregoing document has been served on counsel of record by:
- ☒ mail
- ☐ hand delivery
- ☒ fax

Date 7/12/04  *[signature]*

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DeKALB REAL ESTATE ASSOCIATES, L.P. | SUBPOENA IN A CIVIL CASE |
| v. | CASE NUMBER[1]:  2:03-cv-6771<br>U.S. District Court for<br>the Eastern District of Pennsylvania |
| THE ALLSTATE CORPORATION and<br>STERLING COLLISION CENTER, INC. | |

TO:  Dennis McMullen
     6 Thomas Rice Road
     Westborough, MA

---

( ) YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

(X) YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jager Smith P.C.<br>One Financial Center<br>Boston, MA 02111 | July 14, 2004  9:30 a.m. |

(X) YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
Any and all documents that relate to the potential placement of a collision center at 325-327 DeKalb Pike in King of Prussia, Pennsylvania, which is the subject of this litigation.

| PLACE | DATE AND TINE |
|---|---|
| Jager Smith P.C<br>One Financial Center<br>Boston, MA 02111 | July 14, 2004  9:30 a.m. |

( ) YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| /s/ Bruce F. Smith , Attorney for Plaintiff | 6/15/2004 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Bruce F. Smith, Esq., Jager Smith P.C., One Financial Center,
Boston, MA 02111 (617) 951-0500

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance state district under case number.

Attest: A True Copy

*[signature]*
Deputy

# EXHIBIT B



DAVIS MALM &
D'AGOSTINE P.C.
ATTORNEYS AT LAW

June 22, 2004

**HAND DELIVERED**

Maria C. Moynihan, Esq.
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108

    *Re: Dennis McMullen*:

Dear Maria:

    Following up on our telephone conversation today, I am enclosing a revised draft of the confidentiality agreement showing the changes to paragraphs 11 and 20. You raised the issue of whether Dennis McMullen will be signing Exhibit A. I think that is unnecessary in view of paragraph 8, which obligates both parties to respect confidentiality. If your client would prefer to have both parties (in addition to counsel) sign the agreement, I have no problem adding signature lines. Please let me know, and also when I can expect to receive document production. As I mentioned in our conversation, I will not agree to showing confidential documents to witnesses only at a deposition; this would seriously interfere with my preparation of the case. I see no need for such a requirement since any witness viewing confidential material would first have to sign Exhibit A, subjecting himself to court sanctions upon any disclosure of confidential information.

    I am also enclosing the deposition subpoena duces tecum addressed to Dennis McMullen in the case of *DeKalb Real Estate Associates, L.P. v. The Allstate Corporation and Sterling Collision Center, Inc.*, pending in the E.D. Pa. Dennis McMullen wishes to cooperate with Allstate and Sterling in responding to this subpoena, and I left a message for Susie Lees last week informing her of this development.

    Sincerely yours,

    David Rapaport

DR/ns
cc: Dennis McMullen

Celebrating 25 Years

One Boston Place · Boston · MA · 02108

# EXHIBIT C

## David Rapaport

**From:** Moynihan, Maria C. [mmoynihan@morganbrown.com]
**Sent:** Monday, June 28, 2004 1:33 PM
**To:** David Rapaport
**Subject:** RE: Status

Hi David;

Per your request, you should contact the following attorney regarding Mr. McMullen's deposition in the King of Prussia case.

Michael Volin, Esq. of Archer & Greiner in Haddonfield, NJ: 856.827.2796.

Under separate cover, I am sending the confidently agreement. I also left you a voicemail message earlier today.

Regards,

Maria

+ + + + + + + + + + + + + + + + + + + + + + + + +
Maria C. Moynihan, Esq.
Morgan, Brown & Joy, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666
Fax: (617) 367-3125
+ + + + + + + + + + + + + + + + + + + + + + + + +
This e-mail message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Morgan, Brown & Joy, LLP immediately--by replying to this message or by calling (617) 523-6666--and please destroy all copies of this message and any attachments. Thank you.

-----Original Message-----
From: David Rapaport [mailto:drapaport@DavisMalm.com]
Sent: Monday, June 28, 2004 11:45 AM
To: mmoynihan@morganbrown.com
Subject: Status

Maria,
Dennis and I need to hear back from you or Allstate about the King of Prussia deposition. As I mentioned, we have documents which we believe Allstate does not want Dennis to produce because they may be privileged. Also, I am not available July 14 since I have another deposition scheduled for that day.
Can we get the confidentiality agreement signed so that I can begin obtaining documents from Allstate?

David Rapaport
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Telephone: 617 589-3801
Fax: 617 305-3104

1

# David Rapaport

| | |
|---|---|
| **From:** | David Rapaport |
| **Sent:** | Saturday, July 03, 2004 1:44 PM |
| **To:** | 'mvolin@archerlaw.com' |
| **Subject:** | Allstate/Sterling |

Michael,

I represent Dennis McMullen in an action pending here in Massachusetts against Sterling Collision Centers, arising out of Dennis' employment contract with Sterling. Sterling is being represented in this matter by Maria Moynihan of Morgan, Brown & Joy. Maria suggested I contact you concerning a deposition subpoena duces tecum served on Dennis in the case of **DeKalb Real Estate Associates, L.P. v. The Allstate Corporation and Sterling Collision Center, Inc.**, pending in the Eastern District of Pennsylvania. The subpoena seeks documents relating "to the potential placement of a collision center at 325-327 DeKalb Pike in King of Prussia, Pennsylvania...." Dennis does have documents pertaining to the King of Prussia location. I believe that some of these documents may be privileged, and wanted to give you, as counsel for Allstate and Sterling, an opportunity to review the documents and make the necessary determination. (I tried to learn the identity of counsel for Allstate and Sterling a couple of weeks ago by contacting Susie Lees, an Allstate attorney I had dealt with on other matters, but received no response until a recent message from Maria identifying you as counsel). I assume you have a copy of the subpoena to Dennis; if not, let me know. I need to be present at any deposition of Dennis, since what he says may also relate to the case here in Massachusetts, and I have another deposition scheduled for July 14. In fact, the latter part of July is very difficult for me since I will be on vaction the last week of July and the first week of August. I would like to have the deposition continued until sometime around the middle of August, and would ask for your assistance with this. I intend to communicate with local counsel for the Plaintiff in your case and let him know that Dennis and I cannot appear on July 14. I am sure you would like a copy of the documents Dennis has, and I will arrange to have a copy made and sent to you. Please contact me as soon as possible so that we can discuss these matters.

David Rapaport
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Telephone: 617 589-3801
Fax: 617 305-3104
E-mail: drapaport@davismalm.com

1