UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DeKALB REAL ESTATE ASSOCIATES, L.P., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 2:03-cv-6771 |
| v. | ) U.S. District Court for the |
| | ) Eastern District of Pennsylvania |
| THE ALLSTATE CORPORATION and STERLING COLLISION CENTER, INC., | ) ) ) |
| Defendants. | ) |

**OPPOSITION OF DENNIS McMULLEN TO PLAINTIFF'S CROSS-MOTION**
Fed.R.Civ.P. 45

**Introduction**

This is an Opposition to Plaintiff's Cross-Motion to Enforce Subpoena and Compel Attendance of Dennis McMullen for Deposition. Mr. McMullen wishes briefly to address some of the points raised in the Opposition.

1. Plaintiff mischaracterizes Mr. McMullen's Motion to Quash or Modify Subpoena as a "last minute motion." To the contrary, Mr. Mullen and his counsel acted diligently to respond to the deposition subpoena from the date it was received, as detailed in the Motion to Quash or Modify. Further, Mr. McMullen engaged in extensive discussions with Plaintiff and Defendant in an effort to solve the scheduling problem.

2. Plaintiff unfairly characterizes the unavailability of Mr. McMullen and his attorney as due to "business opportunities." Mr. McMullen earns his living as an employee of a company which sends him to various locations around the United States seeking to purchase or lease locations. His work involves extensive travel, and he

spends a good deal of his time on planes and in hotels, traveling for his employer. Further, Mr. McMullen's counsel has responsibilities to his other clients and must adhere to deposition schedules arranged with other counsel and witnesses.

3. Mr. McMullen and his counsel take exception to the allegation that they "cavalierly disregarded" the subpoena. To the contrary, they provided notice to counsel well in advance of the deposition date that they were unavailable, and made extensive efforts to accommodate the schedule imposed by Plaintiff's counsel.

4. It is not the fault of Mr. McMullen or his counsel if Plaintiff failed to schedule Mr. McMullen's deposition until two weeks before discovery closed in Plaintiff's Pennsylvania case.

5. Plaintiff never consulted with Mr. McMullen or his counsel when choosing the July 14th deposition date.

6. Plaintiff apparently arranged to be in the Boston area during the week of July 12th to depose witnesses other than Mr. McMullen.

7. Mr. McMullen's counsel gave notice to counsel for Defendants more than two weeks prior to July 14th that he was unavailable that date. Mr. McMullen's counsel assumed that Defendants would so notify Plaintiff, especially since Mr. McMullen knew that Defendants would be in touch with Plaintiff to discuss the issue of privileged documents.

8. Plaintiff admits in its Opposition that it had a week's advance notice that Mr. McMullen's counsel was not available on July 14th.

9. Mr. McMullen and his counsel object to Plaintiff's claim that they should have raised the scheduling issue "long ago, not days before the [depositions]." Mr.

McMullen and his counsel acted quickly and provided notice well in advance of July 14th.

10. Mr. McMullen's counsel is not associated with a "large Boston firm." His firm has approximately 32 attorneys, and not one of them knows anything about Mr. McMullen's case, other than Mr. Rapaport, for the reasons set forth in the Motion.

11. Rule 45(c) provides that: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Plaintiff is in fact seeking to impose an undue burden on Mr. McMullen and his counsel by demanding that they comply with Plaintiff's schedule and convenience, while ignoring Mr. McMullen's obligations to his new employer, and his counsel's obligations to his clients.

WHEREFORE, Dennis McMullen respectfully requests that the Court quash or modify the subpoena requesting his deposition on July 14, 2004, and order that the deposition be continued to a mutually agreeable date in August, 2004.

*[signature]*
David Rapaport BBO# 411920
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Tel. 617 589-3801
Attorneys for Plaintiffs

Dated: July 13, 2004

**CERTIFICATE OF SERVICE**
I certify that the foregoing document has been served on counsel of record by:
[X] mail
[ ] hand delivery
[X] fax
Date 7/13/04  *[signature]*